[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

No. 11-12290
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00028-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DAVID JOHNSON,
a.k.a. Pie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 24, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Larry David Johnson appeals his 84-month sentence, imposed above the applicable guideline range, after he pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Johnson argues that in applying 18 U.S.C. § 3553(a)'s sentencing factors, the district court improperly relied on facts, such as Johnson's criminal history, that the district court had already considered in determining Johnson's guideline range. Johnson contends that the district court's improper reliance on such facts resulted in an unreasonable upward variance.

"To be upheld on appeal, a sentence must be both procedurally and substantively reasonable." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (quotation omitted). We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted).

While Johnson does not clearly distinguish between procedural and substantive reasonableness, he appears to argue that his sentence is

(1) procedurally unreasonable because the district court improperly considered facts that had already been accounted for in the guideline range calculation; and (2) substantively unreasonable because none of § 3553(a)'s sentencing factors would have justified the upward variance had the district court not committed the procedural error of considering such improper facts.

Foreclosing Johnson's arguments, this Court has repeatedly "held that a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement." *Rodriguez*, 628 F.3d at 1264; *United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007). Accordingly, we affirm the 84-month sentence.

**AFFIRMED.**